**Baron v. Baron**

*James M. Keller,* for plaintiff.
*Charles S. Cusick, Jr.,* for defendant.

CAIAZZA, *J.,* July 8, 1982—The Barons were married in 1967 and divorced in 1982. They jointly own a residence with the street address of 329 E. Lincoln Ave., New Castle, Pa. For approximately the past three years Larry Baron has had the exclusive possession and control of the premises.

The record here also shows that the parties' three minor children have resided with the mother, Janet L. Baron, since the divorce. At no. 12 of 1980, equity, this court found that Larry Baron wrongfully excluded Janet Baron from the marital residence, and in the course of prior proceedings, testimony was taken bearing on the issue of the equitable distribution of the marital property. However, no recommendations relating to the real estate were submitted to the court due to a pending mortgage foreclosure action relating to the Lincoln Ave. property. A non-jury trial is scheduled in September, 1982.

This residence is now scheduled for a tax sale by the Lawrence County Tax Claim Bureau pursuant to the dictates of the Real Estate Tax Sale Laws, (72 P.S. 5860.101 et seq.), due to delinquent taxes. Janet Baron has filed a petition for a special relief to spare the property from the tax sale pending a determination of the pertinent issues in the mortgage foreclosure action.

The issue here is whether or not the court has the power to stay the tax sale of the Barons' marital residence. Although there is no clear and precise authority to stay the sale, under these facts the sale should be stayed to ensure the litigants here a just property settlement.

The Pennsylvania Divorce Code suggests that

the courts should have broad power to insure the parties' rights. The legislative intent of the Divorce Code is to ". . . effectuate economic justice between parties who are divorced . . . and insure a fair and just determination and settlement of property rights." Pa. Divorce Code § 101(a)(6). Also, §401 of the Divorce Code allows the court full equity powers to issue injunctions or other orders necessary to protect the interests of the parties or to effectuate the purposes of the act. One of the purposes of the act is to ensure a fair and just settlement of property rights. Also, Pa.R.C.P. § 1920.43 permits the courts to issue special injunctions to prevent disposition of real property if the facts entitle a party to relief. In Holub v. Holub, 129 P.L.J. 366 (1981), an injunction was granted under §403 of the Divorce Code and Pa.R.C.P. § 1920.43. The injunction there was granted for an affirmative act rather than an omission to act. However, whether the act which precipitated the need for injunctive relief is affirmative or not is of no moment.

The result could be severely injurious to the litigant seeking the relief here if the request for a stay is not granted.

## ORDER

Now, July 8, 1982, pursuant to the matters discussed in the memorandum opinion filed herewith, the tax sale scheduled for September 13, 1982, at 10:00 a.m. by the Lawrence County Tax Claim Bureau pursuant to the Real Estate Tax Sale Laws (72 P.S. 5860.101 et seq.) is hereby stayed as it relates to the premises described as Section 29, Lot 402, House and Garage at 329 Lincoln Ave., New Castle, Pa., which property is in the record name of Larry R. and Janet L. Baron.